**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

PLASTERERS' AND CEMENT MASONS' LOCAL 40 PENSION FUND, through its TRUSTEES, PLASTERERS' AND CEMENT MASONS' LOCAL 40 ANNUITY FUND, through its TRUSTEES, PLASTERERS' AND CEMENT MASONS' LOCAL 40 HEALTH AND WELFARE FUND, through its TRUSTEES, PLASTERERS' AND CEMENT MASONS' LOCAL 40 APPRENTICESHIP FUND, through its TRUSTEES, PLASTERERS' AND CEMENT MASONS' LOCAL 40 INDUSTRY ADVANCEMENT FUND, through its TRUSTEES, PLASTERERS'AND CEMENT MASONS' LOCAL 40 and DONALD LAVIN,in his official capacity as Co-Administrator of the Funds,
*Plaintiffs*,

v.

STONE FLOOR, LLC,
*Defendant.*

CA 06 446 ML

C.A. No.

**COMPLAINT**

**Introduction**

1. This is an action to compel payment of contributions, interest, and penalties to multi-employer pension and benefit plans, pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et. seq. Plaintiffs also seek equitable relief, pursuant to ERISA, 29 U.S.C. 1132(a)(3), directing Defendant to permit an examination and audit of its records.

**Parties and Jurisdiction**

2. Plaintiff Plasterers' and Cement Masons' Local 40 Pension Fund ("Pension Fund") is multi-employer pension plan within the meaning of ERISA, 29 U.S.C. §§ 1002(2) and (37).

3. Plaintiff Plasterers' and Cement Masons' Local 40 Annuity Fund ("Annuity Fund") is a multi-employer pension plan within the meaning of ERISA, 29 U.S.C. §§ 1002(2) and (37).

4. Plaintiff Plasterers' and Cement Masons' Local 40 Health and Welfare Fund ("Welfare Fund") is multi-employer benefit plan within the meaning of ERISA, 29 U.S.C. §§ 1002(1) and (37).

5. Plaintiff Plasterers' and Cement Masons' Local 40 Apprenticeship Fund ("Apprenticeship Fund") is multi-employer benefit plan within the meaning of ERISA, 29 U.S.C. §§ 1002(1) and (37).

6. Plaintiff Plasterers' and Cement Masons' Local 40 Industry Advancement Fund ("Industry Advancement Fund") is multi-employer benefit plan within the meaning of ERISA, 29 U.S.C. §§ 1002(1) and (37).[1]

7. Plaintiff Trustees ("Trustees") are trustees and fiduciaries of the aforementioned Funds.

8. Plaintiff Plasterers' and Cement Masons' Local 40 ("Local 40" or "the Union") is a labor union within the meaning of ERISA, 29 U.S.C. § 1002(4) and within the meaning of the LMRA, 29 U.S.C. § 152(5).

[1] The Pension Fund, Annuity Fund, Industry Advancement Fund, Health and Welfare Fund and Apprenticeship Fund are collectively referred to as "the Funds."

9. Plaintiff Donald Lavin is Co-Administrator of the Funds. The Funds' office is located in Cranston, Rhode Island.

10. Defendant Stone Floor, LCC is a limited liability company organized under the laws of the State of Connecticut, having its principal place of business in Waterbury, Connecticut. Defendant has the requisite minimum contacts with the State of Rhode Island.

11. Jurisdiction is rested upon ERISA, 29 U.S.C. § 1132(e).

**Facts**

12. The Funds were established to provide various types of benefits, including retirement, medical, and employment training, to members of Local 40. The Funds are administered by Boards of Trustees consisting of management and union trustees.

13. Benefits as aforesaid are financed in part by employer contributions. The contribution rate is set by the collective bargaining agreement between Local 40 and each employer.

14. The rights and obligations of the Funds and each employer are set forth in the various Agreement and Declaration of Trusts ("Trust Agreements").

15. Defendant is a party to a collective bargaining agreement which provides, in relevant part, that it shall comply with the terms of the Trust Agreements as aforesaid.

16. The Trust Agreements provide, in relevant part, that Defendant shall submit timely payroll reports of contributions, permit audits of its records when requested by the Trustees, promptly pay contributions, and pay penalties and interest when in default.

## I. FAILURE TO SUBMIT TO AN AUDIT

17. Plaintiffs hereby incorporate by reference paragraphs 1 through 16 of this Complaint as if set forth herein.

18. Notwithstanding the aforesaid obligations, Defendant has failed to permit an examination and audit of its records by the Trustees.

19. By the aforesaid acts and omissions, Defendant has violated ERISA, 29 U.S.C. §1132(a)(3) and §1145.

## II. FAILURE TO MAKE CONTRIBUTIONS

20. Plaintiffs hereby incorporate by reference paragraphs 1 through 19 of this Complaint as if set forth herein.

21. Notwithstanding the aforesaid obligations, Defendant has:

(a) Failed to make timely contributions to the Funds;

(b) Failed to submit timely payroll reports to the Funds;

(c) Otherwise failed to comply with the terms and conditions of the Trust Agreement.

22. By the aforesaid acts and omissions, Defendant has violated ERISA, 29 U.S.C. § 1132(a)(3) and § 1145.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Honorable Court:

(a) Award equitable relief in the form of an Order directing Defendant to permit an examination and audit of its payroll records by Plaintiffs, pursuant to 29 U.S.C. § 1132(a)(3);

(b) Award the Funds unpaid contributions, interest on the unpaid contributions, liquidated damages, punitive damages, and attorneys' fees and costs, pursuant to 29 U.S.C. § 1132(g)(2); and

(c) Order such other relief as the Court deems just and proper.

Respectfully submitted,
On behalf of Plaintiffs,
By their attorney,

Elizabeth Wiens, Esq. (#6827)
GURSKY LAW ASSOCIATES
420 Scrabbletown Rd., St. C
North Kingstown, RI 02852
Tel. (401) 294-4700
Fax (401) 294-4702